# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-0004V
### Filed: May 18, 2017
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JAMES CANTWELL, Parent of M.C., Deceased, | * * * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| v. | * | Table Injury; Rotavirus Vaccine; |
| | * | Intussusception; Death; Special |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * | Processing Unit ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Koby J. Kirkland, Whitehurst Harkness Brees, et al., PLLC, Austin, TX, for petitioner.*
*Ann D. Martin, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On January 3, 2017, James Cantwell ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner seeks compensation for the death of his son, M.C., on March 3, 2015, allegedly due to intussusception following a rotavirus vaccination, which was administered on February 15, 2015.  Petition at 1.  The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On May 17, 2017, respondent filed a Rule 4(c) Report stating that compensation is appropriate in this case under the terms of the Vaccine Act.  Rule 4(c) Rep. at 1.  Based on the opinion of the medical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP"), respondent has

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

"concluded that M.C. suffered the Table injury of intussusception following a rotavirus vaccine within the Table time period, and his death was a sequela of the Table injury." *Id.* at 3-4.  Further, there "is not a preponderance of medical evidence demonstrating that the intussusception and death were due to a factor unrelated to the vaccination." *Id.* at 4.  Therefore, based on the medical evidence of record, respondent believes entitlement to Vaccine Act compensation is appropriate.  *Id.*

**In view of respondent's concession and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master